UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 MAY 10 PM 2: 06

CLERK
BY _____
DEPUTY CLERK

GEORGE FELLER and WILLOW FELLER, )
)
Plaintiffs, )
)
v. ) Case No. 5:16-cv-61
)
NARRAGANSETT INDIAN TRIBAL )
HISTORIC PRESERVATION OFFICE, )
)
Defendant. )

**OPINION AND ORDER ON MOTION TO REMAND**
(Doc. 12)

On February 18, 2016, Plaintiffs George Feller and Willow Feller filed an action in Vermont Superior Court, Rutland Unit, Civil Division, against Defendant Narragansett Indian Tribal Historic Preservation Office (NITHPO), alleging that NITHPO had failed to make payments required by a commercial promissory note, and seeking to foreclose upon a mortgage securing that note. (Doc. 1-1; Doc. 4.) On March 7, 2016, NITHPO filed a Notice of Removal in this court, asserting subject-matter jurisdiction on the grounds that "there is a federal question arising out of a dispute from a private party against a federally recognized tribe, tribal governmental entity or agent, and under federal common law regarding the jurisdiction of Indian Tribal court." (Doc. 1 ¶ 4.)[1] Plaintiffs have filed a Motion to Remand the case back to state court under 28 U.S.C. § 1447(c), arguing that NITHPO has presented no federal question and

---

[1] The Notice of Removal was filed by John Brown, Tribal Historic Preservation Officer for NITHPO "pro se." (Doc. 1 at 2.) Brown has filed a Notice of Appearance for Self-Represented Litigant NITHPO. (Doc. 10.) Although no party has briefed the issue, it appears that federally-recognized Native American tribal governments and their agencies may enjoy an exception to the general rule prohibiting organizations from appearing pro se. *See Fraass Survival Sys., Inc. v. Absentee Shawnee Econ. Dev. Auth.*, 817 F. Supp. 7, 11 (S.D.N.Y. 1993) ("Indian tribal governments and their agencies do not fit well under the general rule against pro se representation by non-individuals, for several reasons.").

that NITHPO cannot rely on diversity jurisdiction because the maximum amount in controversy is the amount of the underlying note: $30,000. (Doc. 12.) NITHPO opposes remand. (Doc. 13.)

## Analysis

Under 28 U.S.C. § 1447(c), federal district courts must remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." NITHPO argues that the court has federal-question jurisdiction under 28 U.S.C. § 1331, which grants the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." According to NITHPO, this case is such a civil action because:

> It is about land now owned by an Indian Tribal Government, the right of an Indian tribe to be heard by a court of competent jurisdiction, a non-governmental party attempting to attach the federal contracts and federal contract support dollars of a tribal government or tribal governmental entity for the purpose of payment, the failure of the Plaintiff to exhaust tribal remedy and lastly the immunity of Defendant from suit.

(Doc. 13 at 1.)[2]

"Despite the pervasive influence of federal law in Indian affairs, federal court jurisdiction over cases involving Indians and Indian affairs is not automatic." *Cohen's Handbook of Federal Indian Law* § 7.04[1][a] (Nell Jessup Newton ed., 2012). "[F]ederal court jurisdiction is not created by the mere fact that a case involves an Indian party or contract, or tribal or individual Indian property, or merely because it arises in Indian country." *Id.* (footnotes omitted). Federal-

---

[2] NITHPO also contends that the court has jurisdiction under 28 U.S.C. § 1362, which provides: "The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." Section 1362 is unlikely to be an independent basis for jurisdiction because by its terms it applies to actions brought *by* tribes, not *against* them. *See Enter. Elec. Co. v. Blackfeet Tribe of Indians*, 353 F. Supp. 991, 992–93 (D. Mont. 1973). In any case, § 1362 still requires a controversy that arises under the Constitution, laws, or treaties of the United States, so the analysis would be the same as under § 1331.

question jurisdiction under § 1331 "attaches to a claim only if the federal question appears on the face of plaintiff's 'statement of his own claim in the bill or declaration, unaided by anything alleged in the anticipation or avoidance of defenses which it is thought the defendant may interpose.'" *Id.* (quoting *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989)). Federal-question jurisdiction also extends to:

> claims based on federal common law, including cases involving property claims based on aboriginal title, challenges to the exercise of state authority in Indian country, breach of trust claims against the federal government, and claims that the exercise of tribal authority impermissibly exceeds the federal common-law limits imposed by the Supreme Court.

*Id.* (footnotes omitted). In such cases, "federal common law must actually provide the basis for the cause of action asserted." *Id.*

Here, the court can discern nothing from the face of Plaintiffs' Complaint (Doc. 5) that suggests any federal question. The Complaint seeks foreclosure of real property—an action and a remedy that is a matter of state law. *See Wells Fargo Bank, N.A. v. Stephens*, No. 3:14-cv-1982 (VLB), 2015 WL 6551782, at *2 (D. Conn. Oct. 29, 2015) (foreclosure complaint raised no issue of federal law); *Countrywide Home Loans, Inc. v. Young*, No. 2:13-cv-50, 2013 WL 1386289, at *1 (D. Vt. Apr. 4, 2013) (no basis for federal-question jurisdiction because foreclosure complaint cited no provision of federal law and suggested no form of federal cause of action); *First Horizon Home Loans v. Ng*, No. 09 Civ. 7274(SCR)(PED), 2010 WL 4258752, at *1 (S.D.N.Y. Apr. 12, 2010), *adopted* 2010 WL 4258523 (S.D.N.Y. Oct. 27, 2010) (foreclosure action on real property based on breach of a mortgage contract did not appear to present any federal question). NITHPO's assertions to the contrary are unpersuasive.

NITHPO asserts that there is a federal question because NITHPO is a federally-recognized tribe, tribal government, entity, or agent. (Doc. 1 ¶ 4.) However, as noted above,

3

jurisdiction does not attach just because a case involves an Indian party. NITHPO contends that there is a federal question because this case "is about land now owned by an Indian Tribal Government." (Doc. 13 at 1.) Again, as noted above, federal court jurisdiction is not created just because a case involves tribal property. NITHPO further argues that there is federal jurisdiction because the case involves "a non-governmental party attempting to attach the federal contracts and federal contract support dollars of a tribal government or tribal governmental entity for the purpose of payment," because Plaintiffs have failed to exhaust tribal remedies, and because of immunity from suit. (*Id.*) All of those arguments concern potential *defenses*; to the extent they involve federal questions, those issues do not appear on the face of Plaintiffs' Complaint.

NITHPO maintains that the court has jurisdiction because there is a dispute "under federal common law regarding the jurisdiction of the Indian Tribal court." (*Id.*) According to NITHPO, this case involves a question about "the right of an Indian tribe to be heard by a court of competent jurisdiction." (Doc. 13 at 1.) NITHPO relies upon *Luckerman v. Narragansett Indian Tribe*, 965 F. Supp. 2d 224 (D.R.I. 2013), *reconsideration denied*, 965 F. Supp. 2d at 231, *further reconsideration denied*, No. CA 13-185-S, 2014 WL 575725 (D.R.I. Feb. 11, 2014), *appeal dismissed*, 787 F.3d 621 (1st Cir. 2015). In that case, the Tribe's former attorney, Douglas Luckerman, sued the Tribe in state court for breach of contract. The Tribe removed the case to federal court and filed a motion to dismiss, arguing that the case fell within the jurisdiction of its tribal court. Luckerman opposed the Tribe's motion, and moved to remand the case to state court. *Luckerman*, 965 F. Supp. 2d at 226.

The District Court began its analysis by addressing the Tribe's motion to dismiss. It reasoned that the question of whether an Indian tribe retains the power to compel a non-Indian to

4

submit to the jurisdiction of a tribal court was a question of federal law. *Id.* The court therefore concluded that it had federal-question jurisdiction to determine the extent of the tribal court's jurisdiction over Luckerman's claims, and also the Tribe's assertion of sovereign immunity. *Id.* After analyzing sovereign immunity and tribal exhaustion, the District Court denied the Tribe's motion to dismiss, denied Luckerman's motion to remand as moot, and stayed the case pending adjudication in tribal court. *Id.* at 231.

In this case, NITHPO has not filed a motion to dismiss; the only motion now pending is Plaintiffs' Motion to Remand. Even if NITHPO had filed a motion to dismiss on the grounds of immunity or exhaustion, the court would respectfully decline to follow the order of analysis performed by the District Court in *Luckerman*. The court cannot adjudicate those potential defenses if it lacks subject-matter jurisdiction. *See Bergman v. Spruce Peak Realty, LLC*, 847 F. Supp. 2d 653, 662 (D. Vt. 2012) (noting that, "[o]rdinarily, subject matter jurisdiction must 'be established as a threshold matter'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998))). No disputes about exhaustion or immunity appear on the face of Plaintiffs' Complaint. If there is an issue of federal common law in this case, it does not provide a basis for Plaintiffs' foreclosure cause of action. The court therefore concludes that it lacks subject-matter jurisdiction, and that remand under 28 U.S.C. § 1447(c) is required.

## Conclusion

For the above reasons, Plaintiffs' Motion to Remand (Doc. 12) is GRANTED, and this case is REMANDED to the Vermont Superior Court, Rutland Unit, Civil Division.

Dated at Rutland, in the District of Vermont, this 10 day of May, 2016.

Geoffrey W. Crawford, Judge
United States District Court